1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10                            **WESTERN DIVISION**

11

12   ARKADI BEGLARYAN,              )       No. CV 08-1970 CW
                                    )
13                   Plaintiff,     )       DECISION AND ORDER
              v.                    )
14                                  )
     MICHAEL J. ASTRUE,             )
15   Commissioner, Social           )
     Security Administration,       )
16                                  )
                     Defendant.     )
17   _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                         **I.   BACKGROUND**

25        Plaintiff Arkadi Beglaryan was born on July 19, 1943, and was

26   sixty-three years old at the time of his administrative hearing.

27   [Administrative Record ("AR") 189, 192.]  He has a tenth grade

28   education and past relevant work experience as an electrical

                                      1

assembler. [AR 145.]   Plaintiff alleges disability on the basis of
pain in his shoulders, neck, elbows and back, post-hemorrhoid surgery,
a stomach ulcer and depression. [AR 58.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on March 25, 2008, and filed on
March 26, 2008.   On October 10, 2008, defendant filed an answer and
plaintiff's Administrative Record ("AR").   On December 2, 2008, the
parties filed their Joint Stipulation ("JS") identifying matters not
in dispute, issues in dispute, the positions of the parties, and the
relief sought by each party.   This matter has been taken under
submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") under
Title XVI of the Social Security Act on February 9, 2006, alleging
disability since January 1, 2003. [AR 14.]   After the application was
denied, plaintiff requested an administrative hearing, which was held
on February 26, 2007, before Administrative Law Judge ("ALJ") David J.
Agatstein. [AR 189.]   Plaintiff appeared with counsel, and testimony
was taken from plaintiff through the aid of an interpreter, medical
expert Thomas Maxwell, medical expert Glen Griffin, and vocational
expert Lawrence Gordon. [Id.]   The ALJ denied benefits in a decision
filed on March 27, 2007. [AR 14-23.]   When the Appeals Council denied
review on February 6, 2008, the ALJ's decision became the
Commissioner's final decision. [AR 3.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.   The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of

1   legal error and supported by substantial evidence.  However, if the

2   court determines that a finding is based on legal error or is not

3   supported by substantial evidence in the record, the court may reject

4   the finding and set aside the decision to deny benefits.  See Aukland

5   v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

6   Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240

7   F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,

8   1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

9   1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada

10  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

11      "Substantial evidence is more than a scintilla, but less than a

12  preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence

13  which a reasonable person might accept as adequate to support a

14  conclusion." Id.  To determine whether substantial evidence supports

15  a finding, a court must review the administrative record as a whole,

16  "weighing both the evidence that supports and the evidence that

17  detracts from the Commissioner's conclusion." Id.  "If the evidence

18  can reasonably support either affirming or reversing," the reviewing

19  court "may not substitute its judgment" for that of the Commissioner.

20  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

21                      **V.  DISCUSSION**

22      **A.  THE FIVE-STEP EVALUATION**

23      To be eligible for disability benefits a claimant must

24  demonstrate a medically determinable impairment which prevents the

25  claimant from engaging in substantial gainful activity and which is

26  expected to result in death or to last for a continuous period of at

27  least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

28  721; 42 U.S.C. § 423(d)(1)(A).

                              3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

"not disabled" at any step, there is no need to complete further

steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four,

subject to the presumption that Social Security hearings are non-

adversarial, and to the Commissioner's affirmative duty to assist

claimants in fully developing the record even if they are represented

by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

1288.  If this burden is met, a prima facie case of disability is

made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers.  Tackett, 180 F.3d at 1098,

3  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4      **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5       Here, the ALJ found that plaintiff had not engaged in substantial

6  gainful activity at any time relevant to the administrative decision

7  (step one); that plaintiff had impairments that, when considered in

8  combination, were "severe," namely hypertension, gastrointestinal

9  reflux disease, hemorrhoids, a history of tremors with no evidence of

10  the cause, and a depressive disorder (step two); and that plaintiff

11  did not have an impairment or combination of impairments that met or

12  equaled a "listing" (step three). [AR 16, 18.]  The ALJ found that

13  plaintiff had an RFC to lift and carry twenty pounds occasionally and

14  ten pounds frequently, stand and/or walk for six out of eight hours,

15  and sit for about six hours in an eight hour workday; he cannot claim

16  ladders, ropes or scaffolds, and he must avoid working at unprotected

17  heights or around hazardous machinery. [AR 18.]  Based on this RFC,

18  the ALJ found plaintiff able to return to his past relevant work as an

19  electrical assembler (step four). [AR 22.]  Accordingly, plaintiff was

20  found not "disabled" as defined by the Social Security Act. [AR 23.]

21      **C.  ISSUE IN DISPUTE**

22       The Joint Stipulation identifies a single disputed issue: whether

23  the ALJ properly considered the qualitative impact of tremors on

24  plaintiff's ability to engage in the manipulative requirements of his

25

26  work without directly limiting strength, and include mental, sensory,
    postural, manipulative, and environmental limitations.  Penny v.
    Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
27  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,
28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1 past relevant work. [JS 3.]

2     **D.   TREMORS**

3     In a treatment note dated January 23, 2006, Dr. Noobar Janoian

4 wrote that plaintiff complained of a long history of tremors to the

5 head and occasionally the hands, which worsen when he becomes nervous

6 or has insomnia. [AR 113.]  Dr. Janoian had been treating plaintiff

7 since 2003. [AR 182.]  In a Physical Residual Functional Capacity

8 Questionnaire completed on January 29, 2007, Dr. Janoian gave

9 diagnoses of multiple joint osteoarthritis, lower back pain, myalgia,

10 vertigo, depression, gastrointestinal reflux disease, hypertension,

11 hemorrhoids, herpes zoster and a sleep disorder. [AR 182.]  Dr.

12 Janoian wrote that plaintiff suffered from, among other things,

13 tremors in both hands. [Id.]  He concluded that plaintiff would have

14 limitations in doing repetitive reaching, handling or fingering. [AR

15 184.]

16     Dr. Ursula Taylor conducted an Independent Internal Medicine

17 Evaluation of plaintiff on July 20, 2006. [AR 151-57.]  Dr. Taylor

18 noted complaints of pain in the chest, joints and back. [AR 151.]

19 Upon physical examination, Dr. Taylor observed, among other things,

20 that plaintiff "does appear to have some problems with balance and

21 coordination, as he was noted to have some problems performing a

22 tandem walk, but he could perform this with some effort." [AR 155.]

23 Dr. Taylor also noted that plaintiff was taking Neurontin, Carbidopa

24 and Levodopa, "which normally would be given for Parkinson disease.

25 It is unclear if he has been diagnosed for Parkinson disease." [Id.]

26 Dr. Taylor further noted that medical records were not available and

27 that neither plaintiff nor his daughter appeared to be aware of his

28 medical history. [AR 155-56.]  In terms of physical limitations, Dr.

6

1  Taylor concluded that plaintiff could perform work consistent with a
2  medium exertional level, with no restrictions on the use of hands or
3  fine and gross manipulation. [AR 156.]

4      Dr. Thomas Maxwell, a medical expert, testified at the
5  administrative hearing on February 26, 2007. [AR 189.]  Dr. Maxwell
6  asked plaintiff whether he had "any problem with shaking, like a
7  tremor," and plaintiff responded, "Yes, my hands tremble sometimes."
8  [AR 199.]  Dr. Maxwell noted that plaintiff was taking Sinemet, which
9  is used to treat Parkinson's disease, but that he had seen no
10  diagnosis of Parkinson's in the record. [AR 199-200.]  Dr. Maxwell
11  testified that he was assuming that the Sinemet was being prescribed
12  by Dr. Janoian, and the ALJ commented that he did not see a diagnosis
13  of Parkinson's disease in Dr. Janoian's notes; Dr. Maxwell later
14  commented that "it's frustrating to really know what the treating
15  physician is thinking." [AR 200-01.]  On the other hand, with respect
16  to Dr. Taylor's examination and her opinion that plaintiff was capable
17  of medium work, Dr. Maxwell testified that

18          [I]t's frustrating because the tremor in that examination is only
            addressed in that there was no evidence of tremor on ambulation,
19          whereas an essential tremor or a Parkinsonian tremor wouldn't
            necessarily present, it might or might not, so, and there was the
20          incoordination and trouble performing tandem walk.  I felt that
            there was enough neurological deficits to support a light, rather
21          than medium [physical RFC].

22          [AR 201.]

23      Although Dr. Maxwell opined that plaintiff was limited to light
24  work, he did not recommend any limitations in fingering or handling.
25  [AR 200.]

26      In the administrative decision, the ALJ addressed plaintiff's
27  allegations of tremors, stating that although plaintiff was taking
28  Sinemet, there was no diagnosis of Parkinson's disease in the record.

7

[AR 20.]  The ALJ also noted that Dr. Janoian did not document in his progress notes any objective observations of a tremor, and that Dr. Taylor observed only "slight incoordination" and "mild trouble performing a tandem walk." [Id.]  The ALJ further noted that neither Dr. Taylor nor Dr. Maxwell recommended any limitations on plaintiff's ability to use his hands. [AR 21, 22.]  Accordingly, the ALJ found plaintiff capable of light work with no manipulative limitations, among other things, which was consistent with an ability to do plaintiff's past relevant work as an electrical assembler, thus leading to a conclusion of "not disabled." [AR 18, 22.]

Plaintiff contends that the ALJ did not provide legally sufficient reasons to reject the evidence of plaintiff's manipulative limitations and that, if the evidence were properly credited, it would establish that plaintiff could not perform his past work as an electrical assembler, which requires average manual and finger dexterity. [JS 5.]  Plaintiff further contends that if he cannot perform his past relevant work, he is presumed disabled at step five of the sequential evaluation process pursuant to Rule 202.02 of the Medical Vocational Guidelines. [Id.]

Based on the evidence described above, further proceedings are required to clarify the basis of plaintiff's allegation of tremors. An ALJ has a special duty to fully and fairly develop the record and to insure that the claimant's interests are considered, even if the claimant is represented by counsel. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  Here, the evidence suggesting that plaintiff suffers from an impairment that causes tremors – particularly the treating notes of Dr. Janoian and the Parkinson's medication – should have been developed further to determine the basis of Dr. Janoian's

8

opinion that plaintiff is functionally limited in the use of his hands.  Notably, no medical source rejected the possibility that plaintiff had Parkinson's disease, but only noted that there was no such diagnosis in the record or that plaintiff apparently was incapable of explaining his medical history.  See Smolen, 80 F.3d at 1288 (ALJ had duty to conduct an appropriate inquiry into the basis of medical opinion by, for example, recontacting treating source).  Although the existing evidence does not establish conclusively that plaintiff suffers from an impairment causing the alleged tremors, neither should the evidence have been rejected without further inquiry.  Accordingly, further proceedings are required.

**E.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id.  Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

1

## VI.  ORDERS

2       Accordingly, **IT IS ORDERED** that:

3       1.    The decision of the Commissioner is **REVERSED**.

4       2.    This action is **REMANDED** to defendant, pursuant to Sentence

5  Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6  above.

7       3.    The Clerk of the Court shall serve this Decision and Order

8  and the Judgment herein on all parties or counsel.

9

10  DATED: January 21, 2009

11                                _____/S/_____
                                 CARLA M. WOEHRLE
12                               United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28